**Date Signed:**
**November 4, 2015**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re JONNI LYNN EARL, | Case No. 14-01693<br>Chapter 13 |
| Debtor. | Re: Docket No. 28 |

ORDER OVERRULING OBJECTION TO CLAIM

In this chapter 13 case, the State of Hawaii Department of Taxation ("DOT") filed proof of claim no. 10 ("POC #10"), in which it sought $76,802.87 for general excise taxes, interest, and penalties for 2011 and 2012.[1] The debtor objected to the claim, arguing that (1) POC #10 was based on a post-petition audit by the DOT that violated the automatic stay, and (2) the transactions taxed by the DOT were exempt from taxation.

I will overrule the objection for the following reasons:

**Automatic Stay.** The DOT's post-petition audit did not violate the automatic stay. The automatic stay does not apply to (A) an audit by a governmental unit to

---
[1] 11 U.S.C. § 507(a)(8).

determine tax liability, (B) the issuance to the debtor by a governmental unit of a notice of tax deficiency, (C) a demand for tax returns, or (D) the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment.[2]

GET Exemption for Out-of-State Shipments. Hawaii imposes a general excise tax on the gross receipts of every business transaction.[3] There is an exemption for sales of tangible personal property shipped out of state.[4] But a taxpayer is not entitled to "any general excise tax benefit" unless the taxpayer filed the annual return within twelve months of the due date.[5]

In this case, the debtor filed her annual tax returns for 2011 and 2012 on February 26, 2015, well past the twelve month due date. Therefore, the debtor is not entitled to the "benefit" of the exemption for out-of-state shipments.

At the hearing on the objection, the debtor argued that the court should reduce the taxes due to her insolvency. The general excise tax law does not provide an exemption for insolvent taxpayers or permit a discretionary tax reduction for such

---

[2] 11 U.S.C. § 362(b)(9).

[3] Haw. Rev. Stat. § 237-13.

[4] Haw. Rev. Stat. § 237-29.5.

[5] "[A] person shall not be entitled to any general excise tax benefit... unless the person filed the annual general excise tax reconciliation tax return not later than twelve months from the due date prescribed for the return." Haw. Rev. Stat. § 237-9.3(a)(2).

2

taxpayers.

Hawaii law does give the DOT some discretion in selecting the amount of certain tax penalties. A penalty "due to negligence or intentional disregard of rules shall be added to the tax in an amount *up to* twenty-five percent of the underpayment as determined by the Director [emphasis added] . . . ."[6] The bankruptcy court probably has the power to redetermine the penalty amount,[7] but the debtor's lack of funds, without more, is not an adequate reason to reduce the penalty.

In her written objection, the debtor argued that the state could not constitutionally tax the debtor's sales to out-of-state buyers. She provided a letter from her CPA, arguing that the state cannot tax these transactions because there is no "minimum connection, between [the] state and the person, property, or transaction it seeks to tax."[8] I reject this argument for three reasons. First, the debtor's counsel stated at the hearing that the debtor is not challenging the constitutionality of the tax, thus abandoning the argument. Second, it is uncommon for a CPA to give an opinion on

---

[6] Haw. Rev. Stat. § 231-39.

[7] "The bankruptcy court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any additional to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction. 11 U.S.C. § 505(a). The court may do so "notwithstanding a default judgment or a taxpayer's failure to timely pursue its remedies under the applicable tax laws, which would ordinarily (*i.e.,* outside of bankruptcy) prohibit redetermination of the tax assessment." Central Valley AG Enterprises v. U.S., 531 F.3d 750, 755 (9th Cir. 2008)(citing City Vending of Muskogee, Inc. v. Okla. Tax Comm'n, 898 F.2d 122, 124 (10th Cir. 1990)).

[8] Dkt. 29, pg. 7.

U.S. Bankruptcy Court - Hawaii   #14-01693   Dkt # 40   Filed 11/04/15   Page 3 of 4

constitutional law. Third, the opinion is incorrect because the debtor's residency in Hawaii during 2011 and 2012, confirmed by the fact that she filed her tax returns in Hawaii for those years, establishes a minimum connection to the state.[9]

Accordingly, the objection is OVERRULED and POC #10 is allowed in its entirety. Plan confirmation is DENIED because there are insufficient funds to pay priority taxes in full.[10] The Trustee must submit a separate order in the usual form denying confirmation of the plan. The Trustee's Motion to Dismiss is CONTINUED to November 17, 2015.

### END OF ORDER

---

[9] At the hearing, the debtor's counsel stated that the debtor was not living in Hawaii for some of the years for which she submitted her tax returns, and that she thought DOT assessed the additional taxes as retaliation. No evidence supports either of these contentions.

[10] 11 U.S.C. § 1322(a)(2); 11 U.S.C. § 1325(a)(5)(B).

U.S. Bankruptcy Court - Hawaii   #14-01693   Dkt # 40   Filed 11/04/15   Page 4 of 4